*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PEDERSON, Minors.

FOR PUBLICATION
February 13, 2020

No. 349881
Presque Isle Circuit Court
Family Division
LC No. 17-000007-NA

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

SWARTZLE, J. (*concurring*)

I join in full the well-reasoned majority opinion by Judge CAMERON. I write separately to emphasize the point that respondents did not challenge the trial court's advice of rights set out in MCR 3.971(B)(3). Had they done so, this would have been a much different appeal. The trial court did not, for instance, explain to respondents that witnesses would have to testify "under oath," that respondents could cross-examine witnesses, or that petitioner would be required to prove allegations in the petition "by a preponderance of the evidence." These are crucial aspects of the "due-process protections" of a jury trial at the adjudication stage, as identified by our Supreme Court in *In re Ferranti*, 504 Mich 1, 30; 934 NW2d 610 (2019). We need not consider, however, whether omission of these rights from the advice of rights resulted in reversible error, unlike the situation in *Ferranti*. *Id.* at 30-31.

Similarly, had the trial court relied solely on MCL 712A.19b(3)(c)(*i*) as a ground for terminating respondents' parental rights, this would have been a much different appeal. Respondents were not adequately advised of the consequences of their pleas, specifically that their admissions could "later be used as evidence in a proceeding to terminate parental rights." MCR 3.971(B)(4). Given this omission, it is questionable whether any of respondents' plea admissions, or even any independent evidence developed at the time of the pleas that supported the admissions, could have been subsequently used as evidence to terminate their parental rights. While the trial court concluded that (c)(*i*) did support termination, the trial court also found that there were sufficient other grounds, distinct from those to which respondents admitted at the adjudication stage, that supported termination. This further distinguishes the present case from *Ferranti*, 504 Mich at 9-13 (noting that termination in that case occurred under MCL 712A.19b(3)(c)(*i*) and (g), and the allegations to which respondents pleaded were those that supported termination).

Finally, this case serves as a useful illustration that *Ferranti* should not be read as drawing a bright-line rule that any omission of the advice of rights identified in MCR 3.971(B) is a ground for automatic reversal. The omission in *Ferranti* was total; the omission here was partial. When the omission is partial, a careful, facts-and-circumstances approach is needed. If courts were instead to read *Ferranti* as establishing a bright-line rule of automatic reversal whenever any right in MCR 3.971(B)(3) or (4) is omitted, then the very real, practical concerns with respect to kids, foster parents, and adoptive parents identified by Justice MARKMAN in his dissent would be fully realized. *Id.* at 48-50 (MARKMAN, J., dissenting). I do not read *Ferranti* as drawing a bright-line rule and, accordingly, I concur in full with the majority opinion.

/s/ Brock A. Swartzle